CUBARONS, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Sale.

No. 414.—Decided July 31, 1919.

RECORD OF TITLE—USUFRUCT OF CITY LOTS—IDENTITY OF PROPERTY.—Although ordinarily a certificate from the municipal secretary is enough to show a grant by the municipality of the usufruct of a city lot, nevertheless if such certificate refers to a lot with a certain number and the property sought to be recorded is numbered differently, due to a change in the numbering, the burden of establishing the identity of the property is on the person presenting the document for record.

The facts are stated in the opinion.

*Mr. Andrés Mena* for the appellant.

The respondent appeared by brief *pro se.*

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The record owner of a house, No. 13, 5 meters 96 centimeters front by 10 meters 21 centimeters in depth, standing on a lot granted by the municipality and measuring 6 meters 81 centimeters front by 26 meters 26 centimeters in depth, sold a house described as follows:

"URBAN.—A one-story native frame house with zinc roof situated at No. 13 Ruiz Belvis Street in Caguas, erected on a lot belonging to the municipality, formerly 6.81 meters in front by 26.26 meters in depth but now containing 279.30 square meters, that is, 9.80 meters in front by 28.50 meters in depth and numbered 11, as shown by certificate issued by the secretary of the municipality of Caguas, Juan M. Solá, said house now measuring 9 meters in front by 10 meters in depth, bounded on the north, its front, by Ruiz Belvis Street; on the east, its left, by the property of Dolores Cubarons; on the south, its depth, by the property of Jesús Méndez, and on the west, its right, by the property of Leonor Díaz."

Record of the deed was refused as to the excess of what appeared of record in the name of the vendor, for reasons assigned as follows:

"Because it does not appear from the records of the registry that the usufruct of the additional part of the lot was granted to the vendor; for, although a certificate of J. M. Solá is submitted as

proof thereof, said certificate is not of the kind contemplated by article 3 of the Mortgage Law for the transfer of ownership of real property and because said certificate has reference to a lot numbered 11 of the said street in the said city, which lot is recorded under different boundaries in the name of a person not the vendor, constituting therefore an impediment to admission of the certificate under the provisions of article 20 of the said law.''

Appellant insists that the registrar might have noticed that the number of the lot is now 11 and not 13, as formerly, due to a change in the numbering of the houses made in 1910, of which the registrar should have known. There seems to have been nothing in the registry to show this and the burden was on appellant, not on the registrar, to establish the identity of the property.

The mere recital in the deed does not suffice to show that the lot described in the certificate issued by the municipal secretary as No. 11 is, in fact, the lot of record as No. 13, nor that the property sold is not, in fact, the property recorded in the name of another person as No. 11.

We agree with appellant that ordinarily a certificate from the municipal secretary is enough to show a grant by the municipality of the usufruct of a city lot; but for the reasons stated the ruling appealed from must be

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.

, Mr. Chief Justice Hernández took no part in the decision of this case.